Court File No.: CV-10-399984

# ONTARIO
# SUPERIOR COURT OF JUSTICE

BETWEEN:

MARTHA HART, personal representative of
THE ESTATE OF OWEN JAMES HART

Plaintiff

- and -

WWE CANADA, INC., WORLD WRESTLING ENTERTAINMENT,
INC., and ENTERTAINMENT ONE LTD

Defendants

## ENDORSEMENT OF THE HONOURABLE MR. JUSTICE D. GRACE

March 31, 2010

T. Pinos and S. Graham, for the Plaintiff

C. Cole and D. Woodfield for the Defendants, WWE Canada Inc. (sic) and World Wrestling Entertainment, Inc., ("WWE")

J. Cotter for the Defendant, Entertainment One Ltd.

I am grateful to all counsel for their efforts on short notice and in difficult circumstances.

The Estate of Owen James Hart ("Estate") seeks an interim injunction ("II") against the defendants preventing them from, among other things, distributing a video called "Hart & Soul: The Hart Family Anthology " (the "Video"). Same has been brought on an urgent basis given that the Video is scheduled to be released on Tuesday, April 6, 2010. The Estate agrees the II is only sought within Ontario.

The WWE cross-moves for a stay pursuant to S. 106 CJA and R. 21.01 (3)(a) of the Rules of Civil Procedure.

The factual and legal issues are intertwined and consequently the motions were argued, I believe with the concurrence of counsel, together.

The Estate takes the position that the WWE has no right to use the name and likeness of Owen Hart, who died tragically and prematurely during a wrestling pay-per-view event on May 23, 1988, at the age of 34. While the right of the WWE to use and to include (over 1) footage of Owen's matches while a member of the WWE (and its predecessor) is unchallenged, its right to include photographs of Owen on the Video's packaging or Owen's name on any promotional materials is at issue. The Estate argues that the actions of the WWE constitutes the tort appropriation of personality and/or the tort of passing off.

The Estate relies on the facts set forth in the Affidavit of Martha Hart sworn March 29, 2010 and a number of authorities including: Hapi Feet Promotions Inc. v Martin and Salé v Barr. While the parties interpretation of the provisions contained in Booking Contracts entered into between Owen and the predecessor of the WWE (Tabs A & B) differ, they agree the terms of those agreements dated November 11, 1991 and July 1, 1996 (the "Agreements") are relevant to a determination of the issue.

Both Agreements contain a Forum Selection Clause (13.8). It is broadly drafted. They require that "any claim, dispute or other matter in question arising out of or relating to this Agreement the enforcement of any provisions therein, or breach of any provision thereof,.... be submitted to the Federal, State or local courts....only in the State of Connecticut."

The Agreement also provides that they are to be interpreted in accordance with the laws of that State. (13.7).

Those clauses are the foundation for WWE's motion to stay. The Estate argues that same have no application because:

(a) they terminated on Owen's death (para. 4.2);

(b) while certain paragraphs were to operate in perpetuity or notwithstanding termination (i.e., 3.2(a) and 3.3), the Forum Selection Clause was not one of them.

I am of the view that the clause was to continue to apply. Given the use of the word "any", I am of the view that a reference to in perpetuity or notwithstanding termination would have been redundant. (see R. v Nowegijick). I am also of the view that the clause is broad enough to attach the claims asserted here notwithstanding the fact they are based in tort. (Donaldson International Livestock Ltd. v Znamensky Selekcionno-Gibridny Center LLC)

The forum selection clause should be enforced by the courts absent "strong cause" (Crown Resources Corp. S.A. v National Iranian Oil Co.). I am satisfied the plaintiff has established strong cause insofar as their motion for an II is concerned applying the test set forth in The "Eleftherio". The fact that an interim injunction, if granted in Connecticut (and I am highly dubious that there is now time to seek one there before April 6, 2010) would be unenforceable in Ontario (see Pro Swing Inc. v Elta Golf Inc., Canadian Standards Association v Solid Applied Technologies Ltd.) I am also of the view that S. 106 CJA permits me to hear the within motion even if I am otherwise prepared to stay this proceeding.

I next consider the motion for an II and the three stages test expressed by the SCC in RJR – MacDonald v A.G. Canada. The bulk of the Defendants' submissions focused, in my view correctly, on stages 2 (irreparable harm) and 3 (balance of convenience). Recognizing as I do, that the position of WWE is that the Agreement precluded the Estate from pursuing the causes of action outlined above, I am of the view there is a substantial issue to be tried. (See Krouse v Chrysler Canada Ltd.,

- 4 -

Haskett v Trans Union Inc., and Somwar v Mc Donald's Restaurant of Canada Limited). While the materials filed and reviewed by me are thick, they were assembled and delivered, albeit admirably, hastily and without any cross-examination and indeed without any responding materials from Entertainment One Ltd. suggesting that the Plaintiff has not satisfied stage one would be folly.

Stages two and three are more problematic for the Estate. I did not find the conclusion of irreparable harm in Hapi Feet Promotion Inc. v Martin or Salé v Barr to be sufficiently supported by evidence or authority to be persuasive. I am of the view this stage of the analysis must be established through evidence which is stronger than what I have seen. The plaintiff's own evidence is based on a "fear" (paragraph 53 of Martha's Affidavit) that performers and donors may not continue to support the Owen Hart Foundation. While it is true that it is hard to measure the effect of something that is not yet in the marketplace, WWE's evidence is that there have been many other similar products in the marketplace (the plaintiff says same do not include photographs) in the last 10 years and that there has been no complaint by the Estate. (see paragraph 22 of the Affidavit of Joel Satin sworn March 31, 2010). Surely if the use of Owen's name would cause irreparable harm now, some effect would have been felt and complained about before now. I also have trouble reading the conclusion advocated by the Estate in circumstances where there is an admitted contractual right to use and to see for commercial purposes under the WWE banner footage of the matches in which Owen participated while the Agreements were fully operative. I believe any harm can be quantified and adequately compensated.

With respect to stage 3, I am of the view that the balance of convenience favours the Defendants. I will not repeat the contents of the Satin Affidavit. Suffice to say the extent of the manufacturing effort and the related steps (i.e., distribution readying for sale, pre-order availability), satisfy me that potential harm to the defendants is greater than the potential harm to the plaintiff. It should not be forgotten either that the video is not about Owen, it is about the Hart family many of whom (Owen's father; Owen's siblings and Owen) were or are included in wrestling entertainment (see paragraph 11

of Martha's Affidavit).

I also cannot ignore the fact that the precise reason for the urgent nature of this motion is not fully explained. I am not prepared to say there has been <u>delay</u> but I am concerned that the lack of specificity in paragraph 41 of Martha's Affidavit means that she may have had knowledge early enough to have brought this to the court's attention at least a little earlier.

For all of the above reasons the motion for an II is dismissed. The balance of the action in Ontario is stayed. The Estate is at liberty to seek to lift the stay if some other interim relief is sought which is unavailable in the State of Connecticut or if, for whatever reason, the Court there declines to exercise jurisdiction.

If counsel cannot agree on the disposition of costs I ask for short submissions, in writing, from counsel for the Estate within 21 days and by counsel for the defendants within 30 days not exceeding 6 pages each.

By agreement of counsel and order of this Court, the filing of material by the WWE in respect of the II motion should not be taken, in any manner, to adversely affect the ability of the WWE to pursue the stay motion, and any other conflict of laws/forum non conveniens or jurisdictional issue.

Justice Grace

TOR_LAW\ 7344191\2